I THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAKEBRA CHANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 21-0220-CG-M |
| | ) |
| MOBILE COUNTY, ALABAMA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant's motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) (Docs.16, 17), Plaintiff's opposition thereto (Docs. 22, 23), and Defendant's reply (Doc. 24). For the reasons explained below, the Court finds that Defendant's motion should be granted in part, only to the extent that any ordinary (non-willful) FMLA claim is asserted by Plaintiff. Defendant's motion will be denied as to Plaintiff's claim for willful violation of the FMLA.

## FACTS

Plaintiff, Shakebra Chaney, filed this action on May 10, 2021, asserting claims under the Family Medical Leave Act (FMLA) against her employer, Defendant, Mobile County, Alabama. (Doc. 1). The complaint alleges Defendant retaliated and/or took adverse action against her due to her need for FMLA leave in violation of 19 C.F.R. § 825.220 and wrongfully interfered with Plaintiff's right to

reinstatement to the same or an equivalent position under 29 C.F.R. §825.214. (*Id.* at PageID.5). The complaint also alleges that "Defendant knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FMLA" and that Defendant committed the unlawful conduct "with malice or reckless indifference to the federally protected rights of Plaintiff." (*Id.*).

According to the complaint, Plaintiff was injured at work on June 8, 2018, and she applied for FMLA medical leave on June 12, 2018. (*Id.* at PageID.3). Plaintiff was approved for twelve weeks – through August 27, 2018. (*Id.*). On or about July 31, 2018, Plaintiff was allegedly told she would be terminated if she did not return to light-duty effective July 16, 2018. (*Id.* at PageID.4). Plaintiff alleges she was terminated on August 6, 2018. (*Id.*).

## DISCUSSION

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." The pleadings are closed for purposes of Rule 12(c), "when a complaint and answer have been filed." *Lillian B. ex rel. Brown v. Gwinnett Cty. Sch. Dist.*, 631 Fed. Appx. 851, 853 (11th Cir. 2015). Pleadings include the complaint, answers, and affirmative defenses. FED. R. CIV. P. 7(a). A Rule 12(c) motion "provides 'a means of disposing of cases when ... a judgment on the merits can be achieved by focusing on the content of the *competing* pleadings....'" *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004))

(emphasis in original).

The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion to dismiss. *Thomas v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2019 WL 1573702, at *1 (M.D. Ala. Apr. 11, 2019) (citation omitted). In "determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335. "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* A judgment on the pleadings is appropriate "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

Defendant moves to dismiss Plaintiff's action as time-barred under 29 U.S.C. § 2617(c)(1) because Plaintiff was terminated more than two years before she filed this lawsuit. Plaintiff asserts her action is not time-barred because she has alleged a willful violation of the FMLA, which is subject to a three-year statute of limitations pursuant to 19 U.S.C. § 2617(c)(2).

As a general rule, a two-year statute of limitations applies to an FMLA claim. *Munoz v. Selig Enters., Inc.*, 981 F.3d 1265, 1275 n.2 (11th Cir. 2020) (citing 29 U.S.C. § 2617(c)(1)). However, if a plaintiff shows her employer willfully violated her FMLA rights, the FMLA provides for an extended, three-year statute of

3

limitations. *Id.* (citing 29 U.S.C. § 2617(c)(2)). The limitations period begins to run from the date of the employer's last alleged FMLA violation. 29 U.S.C.§ 2617(c)(1) & (2). The Eleventh Circuit "has not articulated a standard for what constitutes a willful violation of the FMLA."[1] *Munoz*, 981 F.3d at 1275 n.2 (11th Cir. 2020). However, other Circuits have applied the willfulness standard used in Fair Labor Standards Act (FLSA) cases to claims brought under the FMLA. *See Sampra v. U.S. Dep't of Transp.*, 888 F.3d 330, 333–34 (7th Cir. 2018); *Bass v. Potter*, 522 F.3d 1098, 1103–04 (10th Cir. 2008); *Hoffman v. Prof'l Med Team*, 394 F.3d 414, 417–18 (6th Cir. 2005); *Porter v. N.Y. Univ. Sch. of Law*, 392 F.3d 530, 531–32 (2d Cir. 2004) (per curiam); *Hanger v. Lake County*, 390 F.3d 579, 583 (8th Cir. 2004); *Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 33–34 (1st Cir. 2003). As the Seventh Circuit explained:

> The FMLA does not define the term "willful," see § 2611, and the Supreme Court has not yet defined the term under § 2617(c)(2). But in *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988), the Supreme Court explained the meaning of "willful" under the analogous statute of limitations in the Fair Labor Standards Act. *McLaughlin* held that to apply the three-year limitations period for "willful" violations of the FLSA, the employer must have known that, or shown reckless disregard for whether, its conduct was prohibited by the statute. *Id.* at 133, 135, 108 S.Ct. 1677. Distinguishing "merely negligent" from "willful," McLaughlin observed

---

[1] The Court notes that the Eleventh Circuit discussed the issue in *Smith v. St. Joseph's/Candler Health Sys., Inc.*, 770 F. App'x 523, 527 (11th Cir. 2019), *cert. denied*, 140 S.Ct. 1140 (2020), *reh'g denied*, 140 S. Ct. 2708 (2020). However, in *Smith*, the Eleventh Circuit declined to resolve "that matter of first impression" because the plaintiff had "not raised any argument about the proper standard for willfulness." *Id.*

> that in common usage, "willful" is considered synonymous with words such as "voluntary," "deliberate," and "intentional." *Id.* at 133, 108 S.Ct. 1677. *McLaughlin* expressly rejected the Fifth Circuit's test that had required the employer to know only that the FLSA "was in the picture" for the violation to be considered "willful." 486 U.S. at 132–33, 134, 108 S.Ct. 1677 ("the Jiffy June standard of willfulness—a standard that merely requires that an employer knew that the FLSA 'was in the picture'—virtually obliterates any distinction between willful and nonwillful violations").

*Sampra v. United States Dep't of Transportation*, 888 F.3d 330, 333 (7th Cir. 2018). This Court is persuaded by the reasoning of the Seventh Circuit and other Circuits cited above and finds that the FLSA willfulness standard, as described in *McLaughlin*, applies to FMLA claims. For § 2617(c)(2)'s three-year statute of limitations to apply, a plaintiff must demonstrate that her employer "knew or showed reckless disregard" for whether its conduct was prohibited by the FMLA. *McLaughlin*, 486 U.S. at 133.

Here, the complaint alleges that "Defendant knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FMLA" and that Defendant committed the unlawful conduct "with malice or reckless indifference to the federally protected rights of Plaintiff." (Doc. 1, PageID.5). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9. Accordingly, the Court finds that Plaintiff has sufficiently alleged "willfulness" for FMLA's extended three-year statute of limitations to apply. Since this action was filed within three years from the date Plaintiff was terminated, the Court finds Plaintiff's claim for willful violation of her FMLA rights is not time-barred.

Defendant asserts that even if Plaintiff's claim for willful violation of the FMLA survives, her "ordinary" (non-willful) FMLA claim should be dismissed. The Court agrees. Plaintiff has not expressly asserted a separate claim for a non-willful violation of the FMLA. However, to the extent Plaintiff has asserted an ordinary non-willful FMLA claim, it should be dismissed.

## CONCLUSION

For the reasons stated above, Defendant's motion for Judgment on the Pleadings (Docs.16), is **GRANTED IN PART**, to the extent that any ordinary (non-willful) FMLA claim asserted by Plaintiff in this case is dismissed. Defendant may proceed on her claim for willful violation of the FMLA and Defendant's motion for Judgment on the Pleadings is **DENIED** as to Plaintiff's claim for willful violation of the FMLA.

**DONE** and **ORDERED** this 26th day of October, 2021.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE